UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| In re William Edwin Lindsey,<br><br>    Debtor in Possession. | |
| William Edwin Lindsey,<br><br>    Appellant,<br><br>  vs.<br><br>Pinnacle National Bank, Mountain National Bank, and FirstBank,<br><br>    Appellees. | No. 3:11-cv-00445<br><br>Judge Tena Campbell |

ORDER

Debtor-in-possession William Edwin Lindsey appeals from the Bankruptcy Court's Order granting summary judgment to Pinnacle National Bank, Mountain National Bank, and FirstBank (the Banks). (Order at 1, In re Lindsey, No. 3:10-bk-31694 (Bankr. E.D. Tenn. Aug. 5, 2011), ECF No. 241.)[1] The court has jurisdiction under Rule 8001 of the Federal Rules of

---

[1] For the sake of clarity, the Bankruptcy Court issued its Order in ECF document number 241, but explained the reasoning supporting its Order in ECF document number 240, entitled "Memorandum on Motions for Summary Judgment." That memorandum has been reported. See In re Lindsey, 453 B.R. 886 (Bankr. E.D. Tenn. 2011). Thus, the court will cite to the reported memorandum when discussing the Bankruptcy Court's reasoning.

Bankruptcy Procedure and 28 U.S.C. § 158(a) (2006). For the reasons set forth below, the court affirms the Bankruptcy Court's ruling.[2]

Mr. Lindsey filed as an individual for Chapter 11 bankruptcy reorganization. Over the objection of the Banks, Mr. Lindsey proposed a debt reorganization plan which sought to keep various pre-petition assets, but did not propose to pay the dissenting creditors in full—a violation of the "absolute priority" normally given to dissenting creditors. See 11 U.S.C. § 1129(b)(2)(B)(ii) (2006). The Banks moved for summary judgment, arguing that the proposed plan could not be confirmed because it violated the absolute priority rule. Mr. Lindsey opposed, arguing that the individual priority rule does not apply to him.

The question before the Bankruptcy Court was whether Congress's amendments to the bankruptcy code in 2005 changed the absolute priority rule so that it no longer applies to individual Chapter 11 debtors. In re Lindsey, 453 B.R. 886, 887 (Bankr. E.D. Tenn. 2011) (discussing the reasoning that supports the Bankruptcy Court's Order). After exhaustively reviewing the case law and conducting detailed statutory analysis, the Bankruptcy Court concluded that the absolute priority rule still applies to individual Chapter 11 debtors. Id. at 887–905. It then ruled that, as a matter of law, Mr. Lindsey's proposed debt reorganization plan could not be confirmed because it did not propose to pay the dissenting class of unsecured creditors in full. Id. at 905.

The issue on appeal is whether the Bankruptcy Court erred in ruling that the absolute priority rule still applies to individual Chapter 11 debtors, including Mr. Lindsey. The

---

[2] The court has reviewed Mr. Lindsey's motion requesting oral argument. The parties have filed extensive briefs in which they have fully covered all the issues and submitted record evidence in support of the parties' positions. The court finds that the facts and legal arguments are adequately presented in the parties' papers, such that the decision process would not be significantly aided by oral argument. See Fed. R. Bankr. P. 8012. Accordingly, Mr. Lindsey's motion for oral argument is DENIED.

Bankruptcy Court's conclusions of law are reviewed *de novo*. In re Baker & Getty Fin. Servs., Inc., 106 F.3d 1244, 1259 (6th Cir. 1997). After reviewing the record and briefs, the court finds the Bankruptcy Court's decision well-reasoned and strongly supported by relevant legal authority. See also In re Maharaj, 681 F.3d 558, 575 (4th Cir. 2012) (similarly reasoning that the absolute priority rule still applies to individual Chapter 11 debtors). Accordingly, the court affirms the Bankruptcy Court's Order in all respects. Mr. Lindsey's appeal is hereby DISMISSED.

      SO ORDERED this 11th day of October, 2012.

                                                BY THE COURT:

                                                TENA CAMPBELL
                                                U.S. District Court Judge

ENTERED AS A JUDGMENT
  s/ *Debra C. Poplin*
  CLERK OF COURT